IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-06-445 |
| | § | |
| ABELARDO GONZALEZ, | § | |
| | § | |
| Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER GIVING
NOTICE TO MOVANT OF RECHARACTERIZATION**

Abelardo Gonzalez ("Gonzalez") was sentenced by United States District Judge John D. Rainey on October 17, 2006. (See October 19, 2006 minute entry.)  Final judgment was entered on October 24, 2006. (D.E. 36.)  Gonzalez did not appeal and has not filed any post-conviction motions. On April 9, 2007, the United States Probation Officer received a letter from Gonzalez dated March 31, 2007, in which he expressed some dissatisfaction with counsel in his underlying proceedings, and also raised other issues.  In particular, Gonzalez alleges that his court-appointed counsel in the underlying proceedings, Robert M. Zamora, took a fee from his family in order to represent Gonzalez, despite his court appointment. (D.E. 39 at 1-2.)  Gonzalez also appears to be complaining that Zamora was unprofessional because he "showed up 2 minutes" before sentencing, although Gonzalez does not specify what prejudice, if any, resulted from this fact. (D.E. 39 at 2.)  Gonzalez's letter also makes references to his attempt to cooperate, and complains that he never received a reduction in his sentence. (D.E. 39 at 1.)

In the letter, Gonzalez requested that his Probation Officer forward the letter to Judge Rainey, which was done on April 27, 2007.  Judge Rainey subsequently referred the letter to the undersigned.

1

On July 5, 2007, the undersigned held a telephone conference with Gonzalez, in an attempt to clarify what his claims were and what relief he was seeking. At the conclusion of that conference, Gonzalez indicated that he would like to receive a set of forms for filing a motion pursuant to 28 U.S.C. § 2255. The Clerk is therefore directed to send a set of blank § 2255 forms to Gonzalez.[1]

As the undersigned explained to Gonzalez at the hearing, because his letter motion was not styled as a 28 U.S.C. § 2255 motion, it will not be construed as such until Gonzalez is given the warnings discussed by the Supreme Court in Castro v. United States, 540 U.S. 375 (2003). The Supreme Court's decision in Castro held that a district court should not recharacterize a *pro se* post-conviction motion as a first § 2255 motion, in the absence of adequate notice and warning to the defendant as to the consequences of recharacterization. 540 U.S. at 383.

Pursuant to Castro, therefore, and based on his statements during the telephone conference, Gonzalez is hereby advised that the claims raised in his letter dated March 31, 2007 are going to be construed as his stated grounds for a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He is further advised that, if the district court characterizes his motion as a § 2255 motion, he may be prohibited from asserting additional § 2255 claims in the future and from filing any subsequent § 2255 motion. See 28 U.S.C. § 2255 (prohibiting the filing of a "second or successive motion" unless certain procedural steps are taken and certain prerequisites are met). That is, before he will be permitted to file a second or successive § 2255 motion before the district court, Gonzalez will be required to seek, and acquire, the approval of the Fifth Circuit and will have to establish

---

[1] In reviewing the docket in this case, the undersigned notes that Gonzalez's plea agreement contained a waiver of his right to file any § 2255 motions. (See D.E. 27 at ¶ 7.) The undersigned reaches no conclusions herein as to the enforceability of the waiver or its effect on any of Gonzalez's claims or potential claims.

certain grounds in order to obtain that approval.[2] See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

In light of the foregoing, if Gonzalez wishes to supplement his letter with additional grounds or additional details,[3] he should use the forms sent to him by the Clerk to do so. Whether he wishes to supplement, or wishes to voluntarily withdraw his motion, he must do so within 30 days after the entry of this Order. If he fails to do so, his letter will be construed as a § 2255 motion asserting only the claims raised in his letter.

### CONCLUSION

As set forth above, Gonzalez is hereby notified that his letter dated March 31, 2007 is going to be construed as a motion pursuant to 28 U.S.C. § 2255. The Clerk is directed to send Gonzalez a set of blank 28 U.S.C. § 2255 forms. Gonzalez has 30 days to supplement his motion with additional grounds and detail, or to inform the undersigned or the district court that he wants to voluntarily

---

[2] The pertinent portion of § 2255 states:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

[3] For example, Gonzalez stated during the telephone conference that he believed Zamora had asked Gonzalez's family for money to represent him, despite the fact that Zamora was appointed by the court. If Gonzalez wants to submit with his § 2255 motion any documentation or testimony from family members in the form of a sworn statement or affidavit, he is free to do so. Any affidavits submitted must be signed and contain a certification that the statement is made under penalty of perjury and is current as set forth in 28 U.S.C. § 1746.

withdraw his motion.  If he fails to supplement his letter or withdraw it within 30 days, it will be construed as a § 2255 motion.

       ORDERED this 5th day of July, 2007.

                                            B. JANICE ELLINGTON
                                            UNITED STATES MAGISTRATE JUDGE